IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: _____

MERIDIAN TRUST COMPANY, as
trustee, and AMERICAN ASSOCIATED
GROUP, LTD.,

    Plaintiffs,

v.

EIKE BATISTA, ELIEZER BATISTA, WERNER BATISTA,
THOR BATISTA, PAULO MENDONÇA, FLAVIO GODINHO,
PAULO GOUVEA, MARCUS BERTO, LUIZ CARNEIRO,
AZIZ BEN AMMAR, ERICK MAGNO, ERICK MAGNO, PL,
BANCO ITAÚ INTERNATIONAL, EFG CAPITAL INTERNATIONAL CORP.,
EFG BANK AG, 63X INVESTMENTS LTD., 63X MASTER FUND,
63X FUND, CENTENNIAL ASSET MINING FUND, LLC,
CENTENNIAL ASSET BRAZILIAN EQUITY FUND LLC,
CENTENNIAL ASSET LTD., WRM1 LLC, WRM2 LLC,
3BX INVESTMENTS, LLC, 3BX INVESTMENT FUND I, LLC,
AUX LUXEMBOURG SARL, AUX LLC, OLIN BATISTA,
FLAVIA SAMPAIO and LUMA DE OLIVEIRA,

    Defendants.

_____

## BANCO ITAÚ INTERNATIONAL'S NOTICE OF REMOVAL

    Defendant Banco Itaú International, ("Banco Itaú") by and through its undersigned counsel, hereby removes the above-captioned action (the "Action") from the Circuit Court in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

    This removal arises under 12 U.S.C. §§ 611 *et seq.* and 28 U.S.C. §1441(a). The grounds supporting removal and this Court's jurisdiction are as follows:

**SUMMARY**

1.  A defendant may properly remove an action from state court pursuant to 28 U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action. This Court has original jurisdiction over this matter pursuant to the Edge Act, 12 U.S.C. §§ 611 *et seq.*, because Defendant Banco Itaú is an Edge Act corporation organized under the laws of the United States and Plaintiffs' claims "aris[e] out of transactions involving international or foreign banking, . . . or out of other international or foreign financial operations . . . ." 12 U.S.C. § 632. Accordingly, "any defendant . . . may, at any time before the trial thereof, remove [this Action] from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law." *Id.*

**PROCEDURAL HISTORY AND BACKGROUND**

2.  On or about January 12, 2017, Plaintiffs, Meridian Trust Company and American Associated Group, Ltd. ("Plaintiffs"), filed a complaint in an action styled *Meridian Trust Co. and American Associated Grp., Ltd. v. Eike Batista, Werner Batista, Thor Batista, Paulo Mendonça, Flavio Godinho, Paulo Gouvea, Marcus Berto, Luiz Carneiro, Aziz Ben Ammar, 63X Investments Ltd., 63X Master Fund, 63X Fund, EBX Holding, Ltda., EBX International, S.A., EBX Capital Partners, Centennial Asset Mining Fund, LLC, Centennial Asset Brazilian Equity Fund LLC, Thorque1 Fund Ltd., Thorque Investment Management Ltd., Olin Batista, Flavia Sampaio, and Luma de Oliveira*, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 17-001040-CA-01 (43).

3.  On July 11, 2017, Plaintiffs filed an Amended Complaint (the "Complaint" or "Compl.") which added, Banco Itaú, among others, as a defendant.

4.  The Complaint alleges that Plaintiffs Meridian Trust Company, a trust company incorporated under the laws of Nevis and located in Nevis, and American Associated Group,

Ltd., a Cayman corporation, lost money they invested in bonds of a Brazilian oil exploration company, OGX, that was the center of a multi-billion dollar international fraud perpetrated by Defendant Eike Batista, a Brazilian national, and his affiliates, most of whom resided or were incorporated outside of the United States. Compl., ¶¶ 3-5, 46.

5. According to the Complaint, Batista and his affiliates promised investors that OGX was sitting on enormous reserves of recoverable oil in Brazil when, in fact, it was not. *Id.* at ¶¶ 46-49, 54. Once the truth was discovered, OGX and its satellite companies declared bankruptcy in Brazil and the investors lost their money. Plaintiffs allege that Batista and his affiliates benefitted from the fraudulent scheme by laundering millions of dollars of the ill-gotten funds via international transactions to and from a number of banks, including Banco Itaú. *Id.* at ¶¶ 143, 154, 390. According to the Complaint Banco Itaú and/or its foreign affiliates "had, by 2013, played a part in various countries in assisting Batista and his accomplices in moving the profits of the fraudulent scheme internationally to ultimate repository accounts in secrecy jurisdictions around the world," including "at least $494 million through Banco Itaú Miami." *Id*. at ¶¶ 156-57.

6. Among other things, the Complaint seeks to hold Banco Itaú liable for its "willing assistance" in numerous international transactions, totaling over $92 million, that were allegedly made either to or from it "in an effort to defraud, hinder, or delay creditors," including the following international banking transactions:

    a. Defendant 63X Master Fund's transfer on February 12, 2013 of $6,419,200.00 from its account at Banco Itaú in Miami to an account in the name of AUX Luxembourg at the Nassau, Bahamas branch of Itaú Unibanco SA.

    b.  Defendant 63X Master Fund's transfer on March 21, 2013 of $500,000.00 from its account at Banco Itaú in Miami to an account in the name of TMF at TAG Bank in Panama.

    c.  Defendant Centennial Delaware's transfer on June 24, 2013 of $50,000,000.00 from its account at the Cayman Islands branch of Banco BTG Pactual S.A. to an account in the name of Centennial Delaware at Banco Itaú in Miami.

    d.  Defendant Centennial Delaware's transfer on July 2, 2013 of $26,710,000.00 from its account at the Cayman Islands branch of Banco BTG Pactual S.A. to an account in the name of Centennial Delaware at Banco Itaú in Miami.

    e.  Defendant 63X Master Fund's transfer on July 15, 2104 of $8,000,000.00 from its account at the Cayman Islands branch of Banco BTG Pactual S.A. to an account in the name of AUX LLC at Banco Itaú in Miami.

    f.  Defendant 63X Master Fund's transfer on October 28, 2014 of $700,000.00 from its account at the Cayman Islands branch of Banco BTG Pactual S.A. to an account in the name of AUX LLC at Banco Itaú in Miami.

*Id*. at ¶¶ 395(f)-(g) and 396(a)-(d).

    7.  The Complaint asserts 12 counts of state law claims including: fraud, conspiracy to defraud, aiding and abetting fraud, Florida RICO, Florida RICO conspiracy, false and misleading advertising, conspiracy to commit false and misleading advertising, civil theft, conspiracy to commit civil theft, aiding and abetting theft, fraudulent transfers, and conspiracy to commit fraudulent transfers. The six counts alleged against Banco Itaú, as well as the number of other defendants named in each of those counts, are noted in the chart below.

4

| Count in Complaint | Causes of Action | Named Defendants |
|---|---|---|
| Count II | Conspiracy to Defraud | Banco Itaú and 22 other Defendants |
| Count IV | Florida Rico Violations | Banco Itaú and 22 other Defendants |
| Count V | Florida Rico Conspiracy | Banco Itaú and 22 other Defendants |
| Count IX | Conspiracy to Commit Theft | Banco Itaú and 22 other Defendants |
| Count X | Aiding and Abetting Theft | Banco Itaú and 22 other Defendants |
| Count XII | Conspiracy to Commit Fraudulent Transfers | Banco Itaú and 27 other Defendants |

8. Banco Itaú was served with the Complaint and Summons on August 4, 2017. Removal of this action is timely pursuant to 28 U.S.C. § 1446(b) because it is being effected within 30 days of that service on Banco Itaú. In addition, the Edge Act permits removal "at any time before the trial." 12 U.S.C. § 632.

9. Venue is proper in this Court for removal purposes because this Court is "the district court of the United States for the district and division within which [this] action is pending." 28 U.S.C. § 1446.

## REMOVAL BASED ON THE EDGE ACT

10. This Court has original jurisdiction over this Action based on the Edge Act, 12 U.S.C. § 611 *et seq.* The Edge Act creates an independent basis for original jurisdiction when a party to a civil action is a federally chartered corporation and the action arises out of transactions involving international or foreign banking or other international or foreign financial transactions.

11. Specifically, the Edge Act, codified in 12 U.S.C. § 632, provides, in relevant part:

5

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking . . . or out of other international or foreign financial operations . . . shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

12 U.S.C. § 632. This Action meets the requirements for federal jurisdiction in the above-noted provision.

12. This Action is clearly a "suit of a civil nature at common law or in equity" as required by the Edge Act.

13. As alleged in the Complaint, Defendant Banco Itaú "is and was at all material times an Edge Act corporation created under the laws of the United States and regulated by the Federal Reserve Bank of Atlanta." Compl., ¶ 18.

14. As demonstrated above, the transactions which give rise to the Complaint and which form the bases for Plaintiffs' purported claims against Banco Itaú involve international or foreign banking. Accordingly, this Court has original jurisdiction over the subject matter of this action pursuant to 12 U.S.C. § 632, and removal is proper. *See, e.g., CI Int'l Fuels, Ltda. v. Helm Bank, S.A.*, 707 F. Supp. 2d 1351, 1354–55 (S.D. Fla. 2010) (holding that jurisdiction under the Edge Act was proper where Edge Act entity was a named defendant and case involved international banking); *Warter v. Boston Securities, S.A.*, 03-81026-CIV/RYSKAMP, 2004 WL 691787, *6-8 (S.D. Fla. Mar. 22, 2004) (determining that international wire transfers constitute banking activities covered by 12 U.S.C. § 632 and the action was properly removed under that provision); *Hernandez Perez v. Citibank, N.A.*, 328 F. Supp. 2d 1374, 1379 (S.D. Fla. 2004)

(holding that an action seeking a bill of discovery against Citibank founded upon certificates of deposit that originated in its branch in Cuba was properly removable under 12 U.S.C. § 632).

## OTHER PROCEDURAL REQUIREMENTS

15. Attached to this Notice of Removal as composite Exhibit 1 are copies of all process and pleadings filed in the Action.

16. A copy of this Notice of Removal will be sent to all counsel of record in the Action, and will be filed with the Clerk of Court for the State Court.

17. Consent to removal by all Defendants is not required under the Edge Act. *See* 12 U.S.C. §632 (providing that "any defendant" may remove the suit); *CI Int'l Fuels, Ltda,* 707 F.Supp. 2d at 1354-55 (holding that "rule of unanimity," which generally requires that all defendants consent to and join in notice of removal, does not apply to actions removed under Edge Act).

18. By filing this Notice of Removal, Banco Itaú does not waive any defenses that may be available to it and it does not concede that the allegations in the Complaint state a valid claim under any applicable law.

WHEREFORE, Defendant Banco Itaú hereby removes this Action from the Circuit Court in and for Miami-Dade County, Florida, to this Court.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Tel:  305-384-8500
Fax: 305-789-7799

By: s/Tracy A. Nichols
    Tracy A. Nichols, Esq.
    Florida Bar No.: 454567
    tracy.nichols@hklaw.com

>Jose A Casal, Esq.
>Florida Bar No.: 767522
>Jose.Casal@hklaw.com
>Louise McAlpin, Esq.
>Florida Bar No.: 983810
>Louise.mcalpin@hklaw.com
>
>*Counsel for Defendant Banco Itaú International*
>
>Jay B. Kasner
>Jay.kasner@skadden.com
>Scott D. Musoff
>Scott.musoff@skadden.com
>**Skadden, Arps, Slate, Meagher &**
>**Flom LLP and Affliliates**
>4 Times Square
>New York, New York 10036
>Tel: 212-735-3000
>Fax: 212-735.2000
>
>*Of Counsel for Defendant Banco Itaú International  (Pro hac vice application pending)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11, 2017 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the State court via email and U.S. Mail.

>s/Tracy A. Nichols
>Tracy A. Nichols, Esq.