IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-CV-23051-KMW

MERIDIAN TRUST COMPANY, as trustee,
and AMERICAN ASSOCIATED GROUP, LTD.,

Plaintiffs,
v.

EIKE BATISTA, WERNER BATISTA, *et al.,*

Defendants.
_____/

**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING THE INJUNCTION BOND**

Pursuant to the Court's Order allowing further briefing on the fee issue set for June 28, 2018. [D.E. 108]. Plaintiffs submit the following:

**State Trial Court**

On February 1, 2017, the Plaintiffs moved for an *ex parte* temporary injunction under Florida's Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101, *et seq.,* to prevent twenty-two individuals and companies from fraudulently moving up to $63 million in assets out of Florida prior to judgment. Transfers in the ordinary course of business were not to be hindered. (Exhibit "A"). The motion was supported by four affidavits running to 88 pages.

The Plaintiffs explained that the Defendants were separately listed in the proposed order so that the court might "line out" any Defendant as to which it considered there to be insufficient evidence (Exhibit "A," p. 12, ¶ 55). Plaintiffs also suggested that $50,000 would be a sufficient initial bond to cover possible damages occasioned in the few days between issuance of the order and hearing the Defendants in opposition. (Exhibit "A," p. 14, ¶ 60). In entering the order, the

court did not line out any Defendant. (Exhibit B, ¶ 3) and hand-wrote in a bond amount of $50,000 (Exhibit B, ¶ 11), which was duly posted.

The Florida Supreme Court has held in *Parker Tampa Two, Inc. v. Somerset Development Corp.*, 544 So. 2d 1018, 1021(Fla. 1989) as follows:

> We . . . . limit liability to the bond amount where the injunction is obtained in good faith. . . . [w]hen a court initially sets an injunction bond, this constitutes the court's determination of foreseeable damages based on the good faith representations that are before it. . . . Should this amount prove insufficient or excessive, an affected party is free to move for modification. A court order denying a motion to modify is directly appealable. . . . Limiting liability to bond amount thus provides an orderly step-by-step procedure whereby all parties can be continually apprised of the consequences of their actions. . . .

Accordingly, the Defendants now had a choice. They could do nothing. They could demand a speedy hearing in the trial court to challenge the injunction and/or modify the amount of the bond. Or they could appeal directly to the Third DCA and pursue their challenges there.

Twenty Defendants chose to do nothing. Two Defendants, Marcus Berto and Werner Batista, decided to forgo their right to a speedy hearing in the trial court and instead proceed in the appellate court, and both filed notices of appeal on February 7, 2017. This was a conscious *choice* which they knew would divest the trial court of jurisdiction to modify the injunction in any way, as was discussed at two hearings, on February 15, 2017,[1] and on February 28, 2017.[2]

---

[1] Transcript, Exhibit "C." Per counsel for Mr. Berto: "The Third DCA now has complete jurisdiction over the injunction order so that there can be no modification. The only thing that the Court can do is issue a stay. . . ." THE COURT: "Okay. But why didn't you come to me for a modification before you filed the appeal. Because now you're – now my hands are tied." p. 11.

[2] Transcript, Exhibit "D." Per counsel for Mr. Berto, refusing to agree to clarification requested by a bank: "But, Your Honor, if the court doesn't have jurisdiction to entertain a modification or a clarification of the injunction at this point, then I can't very well say today, yes, I agree to the entry of this order because our position is that the Third DCA has jurisdiction . . ." p. 11. THE COURT: "So I agree with Mr. Ferrer in that I don't have jurisdiction to modify the terms or clarify the terms . . . how can the Third DCA do their work and decide the issues that are on appeal if I'm moving the plates around here. That's why I have to relinquish jurisdiction." pp. 13-14.

**State Appellate Court**

On appeal, both Defendants argued that the injunction was facially defective and that there was insufficient evidence on the merits. Werner Batista, alone, also argued that the bond was insufficient.[3] Plaintiffs responded that there was sufficient evidence as to both Defendants on the merits. They conceded that the injunction was facially defective but pointed out that in such circumstances facial defects might be corrected by the trial court on remand.[4] And they argued in opposition to Werner Batista on the adequacy of the bond.[5]

The Third DCA acknowledged Plaintiffs' concession on the facial deficiencies but held that there was insufficient evidence on the merits as to these two Defendants. (This, logically, rendered the issue of remand for facial correction moot, and the court did not address the point). The Court also did not declare the bond to be insufficient (Exhibit "C") and Werner Batista sought no further order from the appellate court on the point.

**Conclusion**

Accordingly, both Defendants consciously waived any challenge to the sufficiency of the bond in the trial court by taking an appeal and divesting the trial court of jurisdiction. Marcus Berto further failed to raise the issue on appeal and thereby waived it. *See Bainter v. League of Women Voters of Florida*, 150 So. 3d 1115, 1126 (Fla. 2014); *see also Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F.3d 1271, 1293 (11th Cir. 2009). Werner Batista did raise the point on appeal but lost it, since points of appeal raised by an appellant and not addressed by the

---

[3] Werner Batista, Initial Brief, pp. 19-20; Reply Brief, p. 15.
[4] Appellees' Joint Answer Brief, pp. 49-50. Citing to *Univ. Medical Clinics, Inc. v. Quality Health Plans, Inc.,* 51 So. 3d 1191, 1195 (Fla. 4th DCA 2011); *Randolph v. Antioch Farms Feed & Grain Corp.*, 903 So. 2d 384, 385-86 (Fla. 2d DCA 2005); *Santos v. Tampa Medical Supply*, 857 So. 2d 315, 317 (Fla. 2d DCA 2003); *Richard v. Behavioral Healthcare Options, Inc.*, 647 So. 2d 976, 979 (Fla. 2d DCA 1994).
[5] Appellees' Joint Answer Brief, pp. 46-48.

appellate court in its opinion are deemed unnecessary to its decision. *See, e.g. Bowles v. D. Mitchell Investments, Inc.*, 365 So. 2d. 1028 (Fla. 3d DCA 1978). There is, therefore, no reason to depart from the ordinary rule that fees must be limited to the bond set by the court. *See Parker Tampa Two, Inc., supra; see also SeaEscape Ltd., Inc. v. Maximum Marketing Exposure, Inc.*, 568 So. 2d 952 (Fla. 3d DCA 1990).

    ABALLI MILNE KALIL, P.A.
*Counsel for Plaintiffs*
2250 SunTrust International Center
One Southeast Third Ave.
Miami, FL 33131
Phone: (305) 373– 6600
Fax: (305) 373– 7929

*s/ Hendrik G. Milne*
Hendrik G. Milne
Florida Bar No.: 335886
Craig P. Kalil
Florida Bar No.: 607282

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 25th day of June, 2018, a true and correct copy of the foregoing was electronically filed via ECMF filing Portal, which will serve this document on all counsel of record via this Court's e-service system.

*s/ Hendrik G. Milne*
Hendrik G. Milne