UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-23051-WILLIAMS/LOUIS

MERIDIAN TRUST COMPANY, as Trustee,
and AMERICAN ASSOCIATED GROUP, LTD

    Plaintiffs,

vs.

EIKE BATISTA, *et al*,

    Defendants.
    _____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant Marcus Berto's Corrected Motion for Attorney's Fees (ECF No. 36-55) and Defendant Werner Batista's Motion for Attorney's Fees (ECF No. 36-39). These motions were referred to the undersigned Magistrate Judge by the Honorable Kathleen M. Williams, United States District Judge (ECF No. 86, 88). A hearing was held on these motions before the undersigned on June 28, 2018. Upon consideration, the undersigned REPORTS AND RECOMMENDS that the motions be GRANTED IN PART.

**I.**     **BACKGROUND**

This dispute arises out of Plaintiffs' complaint, which was originally filed in state court, alleging causes of action for a fraudulent scheme relating to a Brazilian oil business against multiple Defendants, including Marcus Berto ("Berto") and Werner Batista ("Batista") (ECF No. 34-2). The case was removed to this Court on August 11, 2017, under the Edge Act, 12 U.S.C. § 611 *et seq* (ECF No. 1). Upon removal and per the Court's Order Setting Procedure in Removal Case (ECF No. 14), Defendants filed notices attaching all motions which were pending before

1

the state court at the time of removal. These pending motions include Berto's Corrected Motion for Attorney's Fees (ECF No. 36-55) and Batista's Motion for Attorney's Fees (ECF No. 36-39), which are ripe for adjudication.

The two attorney's fees motions stem from the same set of facts. Berto and Batista sought appellate review of an *ex parte* temporary injunction that enjoined all Defendants in the case from transferring, withdrawing, or otherwise alienating their assets in the state of Florida. Upon review, the Third District Court of Appeal reversed and remanded the trial court's order with instructions to vacate the injunction, finding that it was facially deficient for failure to state the reasons for finding irreparable harm and for lack of notice. The appellate court further found that the evidence presented was insufficient to justify the injunction as to Berto and Batista. *See Berto v. Meridian Tr. Co.*, 221 So. 3d 757 (Fla. 3d DCA 2017).

In their present motions, Berto and Batista seek attorney's fees associated with the appeal of the trial court's injunction, pursuant to Florida Rule of Appellate Procedure 9.400. Berto seeks $66,918.85 in attorney's fees and other costs associated with the appeal, while Batista seeks $45,328.50 in fees.

In response, Plaintiffs do not contest that Berto and Batista are entitled to recover their attorney's fees, nor do they challenge the rates and hours expended as unreasonable. However, Plaintiffs do contend that Berto and Batista are limited in fees by the amount of the bond posted for the injunction, which was $50,000. Accordingly, they argue, Berto and Batista may only be awarded up to $50,000 total between the two of them.

**II.    ANALYSIS**

The Florida Rules of Appellate Procedure provide for the taxing of costs in favor of a prevailing party on appeal, which include: "fees for filing and service of process; charges for

preparation of the record; bond premiums; and other costs permitted by law." Fla. R. App. P. 9.400(a).

Florida Rule of Civil Procedure 1.610(b) states that "[n]o temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the party is wrongfully enjoined." The Florida Supreme Court has interpreted this rule as limiting the amount of damages recoverable for a wrongfully obtained injunction to the amount of the injunction bond. *See Parker Tampa Two, Inc. v. Somerset Dev. Corp.*, 544 So. 2d 1018 (Fla. 1989) (adopting the majority view of state and federal courts in limiting liability to the bond amount). The court reasoned that "[l]imiting liability to [the] bond amount … provides an orderly step-by-step procedure whereby all parties can be continually apprised of the consequences of their actions." *Id.* However, damages recoverable may exceed the bond amount: (1) when the injunction is obtained maliciously or in bad faith; or (2) where there has been no opportunity for a hearing on the injunction and the enjoined party has proceeded expeditiously to exhaust available remedies. *See id.* at 1020; *SeaEscape, Ltd., Inc. v. Maximum Mktg. Exposure, Inc.*, 568 So. 2d 952, 955–56 (Fla. 3d DCA 1990).

The parties dispute whether Defendants' recovery for fees is capped by the $50,000 bond that Plaintiffs posted in conjunction with the temporary injunction. Plaintiffs, relying on *Parker Tampa Two, Inc.*, argue that Berto and Batista had an opportunity to move the state trial court to dissolve the injunction or modify the bond amount, but failed to do so, thereby foreclosing their ability to seek damages in excess of the $50,000 bond. Berto and Batista argue that they were not required to challenge the injunction with the trial court, and instead elected to appeal directly to the state appellate court. Defendants contend that capping damages at the *ex parte* bond amount

3

would in effect punish them for pursuing a viable option for relief afforded under Florida law. In the alternative, Defendant Batista[1] argues that because Plaintiffs sought the injunction in bad faith, their recoverable fees may exceed the bond amount.

The undersigned finds that Defendants had opportunity to seek modification of the bond amount but failed to exhaust that remedy at the trial court. Counsel conceded at the hearing that Defendants could have exercised the available remedy to move to dissolve the injunction or modify the bond amount. *See* Fla. R. Civ. P. 1.610(d) ("A party against whom a temporary injunction has been granted may move to dissolve or modify it at any time."). Their election to immediately appeal in lieu of asking the trial court to modify the bond distinguishes this case from those in which damages were recoverable beyond the bond amount. *Compare Parker Tampa Two*, 544 So. 2d 1018 (limiting damages to bond amount in part because trial court held a hearing on enjoined party's motion to increase bond amount) *with SeaEscape*, 568 So. 2d 952 (exceeding bond amount in part because trial court never held a hearing on enjoined party's motion to increase bond amount); *see also Andrist v. Spleen*, 142 So. 3d 950 (Fla. 4th DCA 2014) (exceeding bond amount in part because enjoined party "acted promptly to dissolve the wrongfully entered injunction and increase the bond"); *Lotenfoe v. Pahk*, 747 So. 2d 422, 426 (Fla. 2d DCA 1999) (remanding for proceedings and reversing order setting bond where enjoined defendant expeditiously sought hearing on bond amount and moved to dissolve injunction). Furthermore, that the temporary injunction was sought *ex parte* did not preclude the Defendants' opportunity after the fact to move to dissolve the injunction or increase the bond amount. Therefore, the undersigned finds that Berto and Batista did not exhaust their available remedies to challenge or modify the injunction bond amount as contemplated by *SeaEscape* and its progeny.

---

[1] Defendant Berto did not raise this argument in his reply brief or supplemental brief.

Having forgone their opportunity to challenge the bond in the trial court, Defendants can recover damages in excess of the $50,000 bond amount only by showing that the temporary injunction was sought maliciously or in bad faith. Defendant Batista urges this Court to conclude that Plaintiffs did seek the injunction in bad faith, evidenced by Plaintiffs' concession—only after Defendants filed their appellate briefs—that the injunction was facially deficient in that it failed to make specific findings of fact required by Florida Rule of Civil Procedure 1.160(a)(2). Batista advances *Weatherby Assocs., Inc. v. Ballack*, 783 So. 2d 1138 (Fla. 4th DCA 2001) for the proposition that Plaintiffs' pursuit of the appeal was "patently bad faith." However, the facial deficiencies in this injunction order—failure to enumerate findings of irreparable harm or reasons for lack of notice—are not equivalent to a known absence of evidence capable of proving the withdrawn claim, as was the case in *Weatherby*. *See id.* at 1143 (finding bad faith where counsel decided to pursue a frivolous claim after learning in discovery facts that disproved his theory).

Plaintiffs respond that the *ex parte* motion was supported by sworn affidavits detailing an extensive fraud and persist in their position that the injunction was properly supported with evidence of Batista and Berto's participation in the fraud. Defendants contest the sufficiency of the evidence presented by Plaintiffs in support of the *ex parte* injunction, but they did not, in support of their motions, demonstrate that Plaintiffs proceeded despite knowing that no such evidence exists. Nor have they cited to any case law where a facially deficient injunction constitutes bad faith on the part of the enjoining party. Indeed, at argument, counsel conceded the absence of Florida law providing guidance on the question of what would constitute "bad faith" in the pursuit of an *ex parte* injunction. It is insufficient, for example, to rely on the conclusion that the injunction was wrongfully issued. *See Parker Tampa Two*, 544 So. 2d at 1021–22 ("The

standard for determining whether an injunction was wrongfully issued is simply whether the petitioning party was unentitled to injunctive relief."). By that standard, Defendants establish that they are entitled to recover damages flowing from the injunction, but not that they should be entitled to recover actual damages in excess of the bond amount. Nor was the bond amount set absurdly low; if only one Defendant had appealed, using the time records submitted here as an indicator, $50,000 would have been almost precisely the damages actually incurred. On the present record, the undersigned finds insufficient evidence from which to conclude that the Plaintiffs pursued the injunction in bad faith.

Accordingly, the undersigned finds that Berto and Batista are collectively entitled to attorney's fees of $50,000, as limited by the bond amount in the state trial court. At the hearing, counsel for Berto and Batista acknowledged that the appellate effort was joint and approximately equally, and they therefore agree that should recovery be capped by the bond amount, each would be entitled to an even half ($25,000). Additionally, and in the absence of any opposition to the hours incurred or hourly rate charged by either Defendants' counsel, the undersigned concludes that $25,000 is reasonable for the work performed on the respective appeals. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Therefore, the undersigned REPORTS AND RECOMMENDS the following:

1. Defendant Marcus Berto's Corrected Motion for Attorney's Fees (ECF No. 36-55) and Defendant Werner Batista's Motion for Attorney's Fees (ECF No. 36-39) should be GRANTED IN PART.

2. Defendants Berto and Batista should each be awarded attorney's fees/costs in the amount of $25,000.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Kathleen M. Williams, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE and ORDERED in chambers at Miami, Florida this 6th day of July, 2018.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE