UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-CV-23051-KMW

MERIDIAN TRUST COMPANY, as trustee,
and AMERICAN ASSOCIATED GROUP, LTD.,

    Plaintiff,

v.

EIKE BATISTA, ELIEZER BATISTA, et. al.

    Defendants.
_____/

**DEFENDANT FLAVIO GODINHO'S RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO STRIKE AND FOR SANCTIONS [D.E. 127]**

Defendant Flavio Godinho ("Godinho"), without waiving any defenses, including his defenses of insufficiency of service of process and lack of personal jurisdiction, responds as follows to Plaintiffs' Motion to Strike the Motion to Dismiss for Forum Non Conveniens and for Other Sanctions dated September 8, 2018 ("Sanctions Motion") [D.E. 127].[1]

---

[1] On August 16, 2017, the Court entered its Order Setting Procedure in Removal Case and Staying Deadlines for Defendants to Respond to Amended Complaint. [D.E. 14.] Among other things, that order stayed defendants' deadline to respond to the operative complaint and, accordingly, denied as moot Godinho's motion for extension of time to file his motion to dismiss for, *inter alia*, insufficiency of service of process and lack of personal jurisdiction [D.E. 10]. [D.E. 14 ¶ 6.]  On January 5, 2018, the Court entered an order further staying the obligation of the non-resident defendants, including Godinho, to respond to the operative complaint.

**Discussion**

Plaintiffs' Sanctions Motion can be summarized as follows:  Defendants and their lawyers must have known about the MMX Chapter 15 Bankruptcy proceedings in Miami (the "MMX Miami Bankruptcy case") because they did not respond to plaintiffs' counsel's email dated August 29, 2018 demanding that counsel disclose whether they knew about those proceedings.  *See* Sanctions Motion at 12 ("Apparently everybody but one law firm knew of [the MMX Miami Bankruptcy case]. The Batista Defendants certainly knew, at the latest, when they voluntarily entered their appearance in the MMX case on September 6, 2017, immediately after removal. We *assume* that the facts were shared within the defense group around that time and a mutual strategy to withhold it was developed.") (emphasis added.)

Building on that irresponsible and, as explained below, inaccurate assumption, plaintiffs ask the Court to sanction all defendants, including Godinho, by, among other things, lifting the discovery stay in this case and subjecting all defendants, including Godinho, to far-ranging, unnecessary and expensive merits discovery even though the Court has yet to address Godinho's threshold defenses of insufficiency of service of process and personal jurisdiction.[2]

Plaintiffs' Sanctions Motion merits but two observations.  First, the MMX Miami Bankruptcy case has absolutely nothing to do with the claims asserted by plaintiffs against Godinho in this case.

---

[2]  As set forth in n.1, supra, the Court has stayed Godinho's (and the other non-resident defendants') obligation to respond to the operative complaint pending resolution of the motions to dismiss filed by the Florida defendants.  Should those motions be denied, and the stay lifted, Godinho will file his motion to dismiss, challenging service of process and personal jurisdiction, as well as the sufficiency of the allegations made against him.

2

Second, even if the MMX Miami Bankruptcy case had any relevance to the claims asserted against Godinho in this case, the Sanctions Motion provides no particulars to support plaintiffs' wild accusation that Godinho must have known about the MMX Miami Bankruptcy case or concealed its existence from the plaintiffs. Godinho is not an interested party, creditor, defendant, or witness in the MMX Miami Bankruptcy case. Indeed, the Sanctions Motion makes <u>no</u> mention of Godinho being involved in any way in that case. Instead, plaintiffs simply lump Godinho in with the Batista defendants in the hope that the Court will treat them all as one and the same. Plaintiffs have attempted this discredited tactic before: Every iteration of the complaint filed in this litigation, dating back to the first complaint filed in state court, carries on at length about the Batista defendants, but says virtually nothing about Godinho and his purported role in the alleged fraud, much less why Godinho should be subject to personal jurisdiction in Florida.

Put simply, the reason why Godinho and his counsel never filed a Local Rule 3.8 notice regarding the MMX Miami Bankruptcy case is because they did not know about it, and had no reason to know about it, until *plaintiffs' counsel* filed his notice of pendency on August 3, 2018. [D.E. 120]. Even if Godinho and his counsel had known about the MMX Miami Bankruptcy case before that date (and, to be clear, they did not), the fact remains that the MMX Miami Bankruptcy case is utterly irrelevant to the plaintiffs' claims against Godinho in this case.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' Sanctions Motion against Godinho should be summarily denied.

Respectfully submitted,

Dated:  September 18, 2018

By: s/ Brian J. Stack
Brian J. Stack
Fla. Bar No. 476234
bstack@stackfernandez.com
Sean R. Santini, of Counsel
Fla. Bar No. 832898
ssantini@santinilawfirm.com
**STACK FERNANDEZ & HARRIS, P.A.**
1001 Brickell Bay Drive, Suite 2650
Miami, Florida  33131
Tel. 305.371.0001
Fax. 305.371.0002
***Attorneys for Flavio Godinho***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on September 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                            s/  Brian J. Stack
                                            Brian Stack, Esq.
                                            Fla. Bar No. 476234

## SERVICE LIST

Hendrik G. Milne, Esq.
hmilne@aballi.com
Craig P. Kalil, Esq.
ckalil@aballi.com
ABALLI MILNE KALIL, P.A.
2250 SunTrust International Center
One Southeast Third Ave.
Miami, Florida  33131
Tel: (305) 373-6600
Fax: (305) 373-7929
*Counsel for plaintiffs*

Alvin B. Davis, Esq.
Alvin.davis@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
200 South Biscayne Boulevard
Suite 4700
Miami, Florida  33131
Tel: (305) 577-2835
Fax: (305) 577-7001
*Counsel for defendant Ben Aziz Ammar*

Jose M. Ferrer, Esq.
jferrer@bilzin.com
BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
1450 Brickell Avenue
Suite 2300
Miami, Florida  33131
Tel: (305) 374-7580
Fax: (305) 374-7593
*Counsel for defendant Marcus Berto*

Ana M. Barton, Esq.
abarton@reedsmith.com
Edward M. Mullins, Esq.
emullins@reedsmith.com
REED SMITH LLP
1001 Brickell Bay Drive
Suite 900
Miami, FL 33131
Tel: (786) 747-0200
Fax: (786) 747-0299
*Counsel for Defendants, Werner Batista; 63X Master Fund; 63X Investments Ltd; 63X Fund; Centennial Asset Brazilian Equity Fund LLC; and Centennial Asset Mining Fund LLC*

Tracy A. Nichols
tracy.nichols@hklaw.com
Jose A. Casal
jose.casal@hklaw.com
Louise McAlpin
louise.mcalpin@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799

Jay B. Kasner
Jay.kasner@skadden.com
Scott D. Musoff

Scott.musoff@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
 FLOM LLP AND AFFILIATES
4 Times Square
New York, New York 10036
Tel: 212-735-3000
Fax: 212-735.2000
*Counsel for defendant Banco Itaú Int'l*