**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:17-CV-23051-KMW**

MERIDIAN TRUST COMPANY, as trustee,
and AMERICAN ASSOCIATED GROUP, LTD.,

      Plaintiffs,

v.

EIKE BATISTA, WERNER BATISTA, *et al.,*

      Defendants.

_____/

## DEFENDANT PAULO GOUVEA'S LIMITED RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND FOR SANCTIONS (D.E. 127)

Defendant Paulo Gouvea ("Gouvea"), through undersigned counsel, without waiver as to any of his defenses, including but not limited to improper service of process and lack of personal jurisdiction,[1] hereby files this Limited Response in Opposition to Plaintiffs' Motion to Strike the Motion to Dismiss for *Forum Non Conveniens* and for Other Sanctions ("Sanctions Motion") [D.E. 127], and in support thereof, states as follows:

Plaintiffs' Sanctions Motion makes outrageous claims which warrant Gouvea's response here. Plaintiffs somehow deduce that "all opposing counsel, but one, have long known of the pendency of the Batista (MMX) Case." Sanctions Motion at 1. This bald assertion is patently false. Gouvea is not an interested party, creditor, defendant, or witness in the MMX Miami Chapter 15 Bankruptcy proceeding. Neither this firm, nor Paulo Gouvea, had any prior knowledge of the

---

[1] On August 16, 2017, the Court entered its Order Setting Procedure in Removal Case and Staying Deadlines for Defendants to Respond to Amended Complaint. [D.E. 14, ¶ 6.] On January 5, 2018, the Court entered an order requiring the Florida Defendants to file their motions for failure to state a claim and Defendants to file their motion to dismiss on *forum non conveniens* grounds. Should these motions be denied, and the aforementioned stay lifted, Gouvea intends on a filing a motion to dismiss for lack of personal jurisdiction, challenging service of process as well as seeking dismissal on other grounds.

pending MMX case until it was first raised by Plaintiffs. Thus, the undersigned did not file a Local Rule 3.8 Notice, and had no duty to, because it was unaware of the MMX proceeding.

Moreover, incredibly, Plaintiffs assume and assert that, once the Batista Defendants entered their appearance in the MMX case in September 2017, the defense group developed a strategy to withhold that information. Sanctions Motion at 12. This too is simply untrue. This type of broad sweeping and baseless mischaracterization resembles Plaintiffs' complaint in which Plaintiffs allege Gouvea must have been involved in some scheme with the Batista Defendants, despite any sort of substantive factual allegations against Gouvea amid the 600+ paragraph complaint. Now, not only have Plaintiffs, without evidence, decried Gouvea is involved in a conspiracy with the Batista Defendants, apparently now so too are the collective defense attorneys in this case. Of course, such bombastic rhetoric should be ignored by the Court. This is nothing more than another attempt by Plaintiffs to divert this Court's attention from the well-grounded basis for the pending *Forum Non Conveniens* Motion. More to the point, it is abundantly clear that the MMX Chapter 15 bankruptcy proceeding has zero bearing on any of Plaintiffs' claims against Gouvea in the instant case. Having shown no specificity as to how Gouvea allegedly knew about that bankruptcy proceeding here in Miami[2], or any purported concealment of the same, Plaintiffs' motion should be denied as to Gouvea.

WHEREFORE, Gouvea respectfully requests that the Sanctions Motion be denied.

---

[2] Gouvea resides in Brazil.

Respectfully Submitted,

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Donald J. Hayden*
  Donald J. Hayden, Esq.
  Florida Bar No. 097136
  don@markmigdal.com
  George T. Breur, Esq.
  Florida Bar No. 33283
  george@markmigdal.com
  eservice@markmigdal.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system, which shall serve copies of this filing all counsel of record.

By: */s/ Donald J. Hayden*