UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 17-CV-23051-KMW/WILLIAMS/TURNOFF

MERIDIAN TRUST COMPANY, as
trustee, and AMERICAN ASSOCIATED
GROUP, LTD.,

    Plaintiffs,

v.

EIKE BATISTA, ELIEZER BATISTA, WERNER BATISTA,
THOR BATISTA, PAULO MENDONÇA, FLAVIO GODINHO,
PAULO GOUVEA, MARCUS BERTO, LUIZ CARNEIRO,
AZIZ BEN AMMAR, ERICK MAGNO, ERICK MAGNO, PL,
BANCO ITAÚ INTERNATIONAL, EFG CAPITAL INTERNATIONAL CORP.,
EFG BANK AG, 63X INVESTMENTS LTD., 63X MASTER FUND,
63X FUND, CENTENNIAL ASSET MINING FUND, LLC,
CENTENNIAL ASSET BRAZILIAN EQUITY FUND LLC,
CENTENNIAL ASSET LTD., WRM1 LLC, WRM2 LLC,
3BX INVESTMENTS, LLC, 3BX INVESTMENT FUND I, LLC,
AUX LUXEMBOURG SARL, AUX LLC, OLIN BATISTA,
FLAVIA SAMPAIO and LUMA DE OLIVEIRA,

    Defendants.

_____/

**EFG CAPITAL INTERNATIONAL CORP.'S AND BANCO ITAÚ
INTERNATIONAL'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO
STRIKE THE MOTION TO DISMISS FOR FORUM NON CONVENIENS AND FOR
OTHER SANCTIONS**

| | |
|---|---|
| Tracy Nichols | Jay B. Kasner, Esq. |
| Louise McAlpin | Scott D. Musoff, Esq. |
| **HOLLAND & KNIGHT LLP** | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM** |
| 701 Brickell Avenue, Suite 3300 | **LLP AND AFFILIATES** |
| Miami, Florida 33131 | 4 Times Square |
| | New York, New York 10036 |
| *Counsel for EFG Capital International* | |
| *Corp. and Banco Itaú International* | *Co-Counsel for Banco Itaú International* |

1

Defendants, EFG Capital International Corp. ("EFG Capital") and Banco Itaú International ("Itaú Miami") oppose the scurrilous Motion to Strike the Motion to Dismiss for Forum Non Conveniens and For Other Sanctions [DE # 127] filed by Plaintiffs.[1] In the Motion, Plaintiffs improperly seek sanctions against EFG Capital and Itaú Miami and their counsel (among other defendants) for failing to notify the Court of an unrelated bankruptcy proceeding concerning an entity *not* party to these proceedings and relating to a wholly separate fraudulent scheme that, as Plaintiffs are forced to admit, did not involve any of the Plaintiffs or Plaintiffs' investments. True to form, Plaintiffs' Motion makes scandalous and impertinent arguments to poison the well and divert the Court's attention away from the pending motions to dismiss, forcing EFG Capital and Itaú Miami to incur yet additional unnecessary costs in responding to Plaintiffs' baseless Motion. For the reasons set forth below, the Motion to Strike should be denied.

## Argument

"If at first you don't succeed – call an airstrike".[2] Plaintiffs and their counsel, faced with the very real prospect that their factually and legally insufficient complaint will be dismissed, have decided a better strategy is to indiscriminately carpet bomb the defendants and their counsel with unsubstantiated and irrelevant allegations in the hopes they can distract the Court into denying the various motions to dismiss and pile on some sanctions for good measure. Putting aside the hysterical rhetoric, Plaintiffs' Motion presents no factual or legal bases to deny the pending motions to dismiss. The purported concealment of an unrelated bankruptcy case, even if true, in

---

[1] Neither EFG Capital nor Itaú Miami joined in the *forum non conveniens* motion. However, Plaintiffs' Motion seeks more than the striking or denial of the *forum non conveniens* motion. Plaintiffs also seek, as sanctions, the denial of all the pending motions to dismiss, including the motion to dismiss filed by EFG Capital and Itaú Miami, and sanctions against the defendants and their respective counsel. EFG Capital and Itaú Miami thus have standing to oppose the Motion.

[2] Banksy, at North Beach, San Francisco, 2010.

no way affects Plaintiffs' claims. Plaintiffs disingenuously assert that the "concealment" of the MMX bankruptcy proceeding in Miami "has affected every facet of these proceedings to the prejudice of the Plaintiffs" and that "pretty much everything written or spoken in this case would have been different: motions, memoranda, oral argument and orders if the Batista (MMX) Case had been disclosed." [DE #127 at 12]. These assertions are objectively false as they completely ignore (and, in fact, misrepresent) the pertinent timeline in this case.

When Plaintiffs amended their complaint in state court in July 2017, they added EFG Capital and Itaú Miami for the first time as defendants, at which point Itaú Miami removed the case to this Court, invoking Edge Act subject-matter jurisdiction. [DE #1]. We can affirmatively state that neither EFG Capital and Itaú Miami nor their respective counsel had any knowledge of the existence of the ancillary MMX bankruptcy proceeding at the time of removal. As noted in Plaintiffs' Motion, a nonparty discovery subpoena was not issued and served upon Itaú Miami in the MMX bankruptcy proceeding until May 3, 2018 [DE #127 at 11], at which point counsel for Itaú Miami (who are also counsel for EFG Capital) and co-counsel for Itaú Miami learned of the existence of the MMX bankruptcy proceeding for the first time.

Upon removal, the parties filed a Joint Status Report, in which Plaintiffs indicated an intention to file a federal amended complaint and the defendants noted that they intended to file motions to dismiss the anticipated federal amended complaint on various grounds, including *forum non conveniens* and failure to state a cause of action. [DE # 54]. Other defendants moved to stay discovery pending the filing of the anticipated federal amended complaint and motions to dismiss [DE ## 55-56]. The Court granted in part the motion to stay discovery, limiting discovery to the issue of *forum non conveniens*, on January 5, 2018 [DE #81], almost five months *before* Itaú Miami was served with the nonparty subpoena on May 3.

EFG Capital and Itaú Miami filed their motion to dismiss the First Amended Complaint on February 2, 2018 [DE #83]. Plaintiffs filed their response to the motion to dismiss on April 3, 2018 [DE #91], and EFG Capital and Itaú Miami filed their reply in support of their motion to dismiss on May 3, 2018 [DE #96]. Thus, the banks' motion to dismiss was *fully briefed* by the time the nonparty discovery subpoena in the MMX bankruptcy proceeding was served upon Itaú Miami on May 3, 2018 [DE #127 at 11]. Plaintiffs' wholly unsupported claim that EFG Capital and Itaú Miami were engaged in a scheme with the other defendants to conceal the MMX bankruptcy case in Miami and purposefully delay Plaintiffs' case is patently absurd when the stay of discovery had been entered in January 2018 and the banks' motion to dismiss fully briefed *before* the subpoena was issued to Itaú Miami and *before* counsel for Itaú Miami had been made aware of the MMX bankruptcy proceeding. And as Plaintiffs must admit, Itaú Miami's involvement in the MMX bankruptcy proceeding was almost non-existent, as a subpoenaed nonparty witness limited to negotiating a standard confidentiality order covering the production of limited bank records to a non-customer of the bank. Neither Itaú Miami nor EFG Capital are parties of interest or creditors in the ancillary MMX bankruptcy proceeding and have not filed any appearances in that case, which by Plaintiffs' admission deals with a separate fraud allegedly committed through a separate entity and is unrelated to Plaintiffs' investments.

With absolutely no basis in fact, Plaintiffs assume that facts relating to the MMX bankruptcy proceeding "were shared within the defense group" and that all defendants' counsel, including counsel for EFG Capital and Itaú Miami, conspired to develop a "mutual strategy to withhold [the bankruptcy proceeding]." [DE #127 at 12]. There is simply no truth to this assertion insofar as EFG Capital and Itaú Miami and their respective counsel are concerned. In addition, Plaintiffs baselessly imply that EFG Capital and Itaú Miami did not join in the *forum non*

4

*conveniens* motion filed by the Batista defendants on February 2, 2018 [DE #85], and deliberately remained "silent" not because these two entities had their own legal reasons to not join in a *forum non conveniens* motion, but rather to avoid "Rule 11 problems" arising from their alleged knowledge of the MMX bankruptcy proceeding. [DE #127 at 16]. Plaintiffs accuse EFG Capital and Itaú Miami of these ulterior motives notwithstanding that the *forum non conveniens* motion was filed months before the bankruptcy subpoena served on Itaú Miami on May 3.

Put simply, absolutely *nothing* would have changed in this case procedurally had Itaú Miami or EFG Capital filed a notice of related case after Itaú Miami was served with the nonparty subpoena. Plaintiffs' fictional story of collusion, concealment, and so-called ethical breaches by the banks and their counsel simply do not jibe with actual facts.

In addition, the substantive premise underlying Plaintiffs' Motion to Strike lacks legal support for the simple reason that the MMX bankruptcy proceeding is not a proceeding that EFG Capital and Itaú Miami were under a duty to disclose under Local Rule 3.8. Rule 3.8 requires that attorneys of record in every action advise the Court and opposing counsel of "the existence of other actions or proceedings ***as described in Section 2.15.00 of the Court's Internal Operating Procedures***, as well as the existence of any similar actions or proceedings then pending before another court or administrative agency." S.D. Fla. Local Rule 3.8 (emphasis added). Section 2.15.00 of the Court's Internal Operating Procedures provides:

> Whenever an action or proceeding is filed in the Court ***which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court***, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the higher-numbered action or proceeding shall be transferred to the Judge assigned to the lower-numbered action. (See IOP 2.06.00 Transfer of Higher-Numbered Cases)

IOP 2.15.00 (emphasis added).  The notification requirement in Local Rule 3.8 for "similar actions or proceedings then pending before another court or administrative agency" should be read in conjunction with the standard set forth in IOP 2.15.00 describing a similar action as one "which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court."

IOP 2.15.00 is designed to prevent judge- and forum-shopping.  *See Bettis v. Toys R Us*, 646 F. Supp. 2d 1273, 1297 n.10 (S.D. Fla. 2009), *order withdrawn sub nom. Gossard v. JP Morgan Chase & Co.*, 08-60565-CIV, 2009 WL 10668185 (S.D. Fla. Aug. 7, 2009) (noting that IOP 2.15.00 "acts to prevent any litigant from 'judge-shopping'").  Local Rule 3.8 reflects the same philosophy against judge- or forum-shopping by requiring parties to notify the Court of refiled actions or similar actions (as defined in IOP 2.15.00) currently pending.  The two rules cover lawsuits involving the same parties and the same or similar causes of action, which is not the case here.  The MMX bankruptcy proceeding involves a foreign debtor that is not a party to our case and against which the Plaintiffs have asserted no claims.  As admitted by Plaintiffs, they invested in OGX bonds *not* in MMX, and Plaintiffs' claims do not arise out of the alleged misrepresentations relating to MMX.  [DE #75 at (ii), ¶ 58].  The alleged representations on which Plaintiffs claim they relied were exclusive to those representations made in 2013 regarding Batista's purported promise of increased capitalization in OGX.  *Id.* at ¶ 58.  Whatever actions or proceedings are undertaken in the MMX bankruptcy proceeding have no bearing on this case, and Plaintiffs have failed to explain how the MMX bankruptcy proceeding would have affected the procedural posture of this case as concerns EFG Capital and Itaú Miami or the merits of the motion to dismiss filed by EFG Capital and Itaú Miami.

Plaintiffs rely heavily on the Brazilian court's order in the MMX Brazilian insolvency proceeding, which does in fact discuss similarities in Batista's conduct with respect to the alleged OGX fraud, at issue in this case, and the alleged MMX fraud. But when viewed in its procedural context, it is clear that the Brazilian court opinion does *not* show a relevant relationship between the matters. As a general rule, bankruptcy law protects managers and shareholders from liability of a company's debts. The main point of the Brazilian opinion is that the managers and shareholders in that case should not enjoy this protection if it appears that their fraudulent mismanagement caused the company's debts. The Brazilian court referenced the Miami allegations as evidence of allegations that Batista's misbehavior was at least part of the reason MMX needed reorganization in the face of its debts. If Batista defrauded MMX, then piercing MMX's corporate veil to reach Batista, an extraordinary action adverse to MMX's shareholder (Batista), was justified, even though the proceeding began with MMX petitioning for bankruptcy protection. Nothing in the Brazilian opinion suggests that the alleged MMX fraud involves the same subject matter that is at issue in Plaintiffs' case. In short, there was no obligation to disclose the existence of an ancillary bankruptcy proceeding involving an unrelated debtor in which Plaintiffs admittedly did not invest and against which Plaintiffs admittedly have no claims and relating to a wholly separate fraudulent scheme that did not involve any of the Plaintiffs or Plaintiffs' investments.

Nor does Plaintiff explain how a purported violation of Local Rule 3.8 justifies the imposition of sanctions against EFG Capital and Itaú Miami and their counsel (including both financial sanctions and the denial of their pending motion to dismiss). To warrant sanctions, there must be a finding of bad faith, which is demonstrated by delaying or disrupting the litigation or hindering enforcement of an order. *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir.

7

2006) ("As we have stated elsewhere, '[t]he key to unlocking a court's inherent power is a finding of bad faith. A party ... demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.'") (quoting *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir. 2001). None of this has occurred here.

Finally, Plaintiffs' reckless and completely unrelated allegation in the Motion that Itaú Miami laundered funds for Batista to bribe Brazilian government officials is yet another example of Plaintiffs' outrageous style of pleading scandalous and impertinent material just to poison the well and divert the Court's attention away from the pending motions to dismiss. Plaintiffs go so far as to say that the disguised reason for Itaú Miami's dismissal argument that Plaintiffs failed to comply with Rule 9's heightened pleading requirements is because Itaú Miami wants to hide evidence of money laundering [DE #127 at 14]. Not only is this unsubstantiated argument absurd, it is itself sanctionable. It is Plaintiffs and their counsel who are being disingenuous, as the slanderous money laundering allegation has no connection to the MMX bankruptcy proceeding or the relief sought by Plaintiffs in the Motion to Strike.

Having failed to show that the MMX bankruptcy proceeding involves subject matter that is a material part of the claims pending in this case or that EFG Capital and Itaú Miami and their respective counsel acted in bad faith, Plaintiffs' Motion to Strike should be denied.

Respectfully submitted this 24th day of September, 2018.

> HOLLAND & KNIGHT LLP
> 701 Brickell Avenue
> Suite 3300
> Miami, Florida 33131
> Tel: 305-384-8500
> Fax: 305-789-7799
>
> By: s/ Tracy A. Nichols
>     Tracy A. Nichols, Esq.
>     Florida Bar No.: 454567
>     tracy.nichols@hklaw.com
>     Jose A Casal, Esq.
>     Florida Bar No.: 767522
>     Jose.Casal@hklaw.com
>     Louise McAlpin, Esq.
>     Florida Bar No.: 983810
>     Louise.mcalpin@hklaw.com
>
> *Attorneys for EFG Capital International Corp. and Banco Itaú International*
>
> Jay B. Kasner, Esq.
> Jay.kasner@skadden.com
> Scott D. Musoff, Esq.
> Scott.musoff@skadden.com
> **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES**
> 4 Times Square
> New York, New York 10036
> Tel: 212-735-3000
> Fax: 212-735.2000
>
> *Co-Counsel for Banco Itaú International*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 24th, 2018 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the State court via email and U.S. Mail.


                                            s/ Tracy A. Nichols
                                            Tracy A. Nichols, Esq.